H. F. Asmussen, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 78589.   Promulgated November 16, 1937.

*A. W. Clapp, Esq.,* for the petitioner.
*I. M. Tullar, Esq.,* for the respondent.

882

## OPINION.

KERN: Since respondent has not referred in any way in his brief or request for findings of fact to any issue raised by the affirmative allegations contained in his amended answer, we will consider that the only issue presented by this case for our determination is whether or not the purchase from the petitioner by the West Publishing Co. of 350 shares out of the 3,520 shares of the preferred stock of the company, issued to him as a stock dividend on August 1, 1932, was essentially equivalent to the payment to him of a taxable dividend under section 115 (g) of the Revenue Act of 1932.

The legislative background of this section of the act was discussed by us in the case of *Pearl B. Brown, Executrix*, 26 B. T. A. 901, and a somewhat exhaustive discussion of the decided cases interpreting this section was made in the case of *J. Natwick*, 36 B. T. A. 866. While it is apparent that the principal purpose of this section was to prevent tax evasion by means of the redemption by a corporation of a stock dividend issued by it, it is also apparent from the general language used in the section of the act under consideration, and the cases which have construed it, that the facts in each case must be carefully considered. However, the cases indicate that certain considerations are helpful in determining whether or not this section is applicable to the facts of the case before us.

Where it is apparent that there is a "continuing plan" or "artifice" to evade taxation by means of the issuance of the stock dividend and its cancellation or redemption, we may be justified in holding that section 115 (g) of the Revenue Act of 1932 is applicable. *Pearl B. Brown, supra; Henry B. Babson*, 27 B. T. A. 859. Another significant fact in determining whether or not this section is applicable is the pro rata distribution and redemption of a stock dividend. Regulations 77, art. 629. In such a determination we may also properly consider whether or not the corporation has paid substantial cash dividends. *Henry B. Babson, supra; J. Natwick, supra.* We may also consider the time intervening between the issuance of the stock dividend and its redemption, *Hyman v. Helvering*, 71 Fed. (2d) 342; *Robinson v. Helvering*, 69 Fed. (2d) 972, and also whether or not there is complete control by petitioner of the corporation to which he was indebted. *W. C. Huntoon*, 14 B. T. A. 459; *George Hyman*, 28 B. T. A. 1231. Another proper consideration is whether the corporation had cash on hand with which to pay a cash dividend. *Robert R. Meyer*, 27 B. T. A. 44.

However, one of the most important considerations in determining whether or not this section applies to the declaration of stock dividends and their subsequent redemption or cancellation, is whether or not both the declaration and the redemption or cancellation are dictated by legitimate reasons connected with the business of the corporation. *T. Pierre Champion*, 27 B. T. A. 1312; *Alfred E. Fuhlage*, 32 B. T. A. 222; *George A. Lembcke*, 33 B. T. A. 700. This is particularly important since the existence of a legitimate business reason on the part of the corporation for the issuance of a stock dividend, and its subsequent redemption or cancellation, would clearly indicate the nonexistence of a "continuing plan" or "artifice" to evade taxation mentioned above.

In the instant case it is apparent that the purpose of the West Publishing Co. in declaring a preferred stock dividend in 1932 was

884

to reduce the value of its common stock to a figure which would make it available for purchase by its younger executives and employees, and to furnish to such executives and employees who already owned common stock of the corporation a form of security which could be used by them in making a purchase of the common stock, thus facilitating the ownership of the common stock of the corporation by those who were actively engaged in its management and operation. Obviously, this was a legitimate business purpose. It is equally apparent that the purpose of the acquisition by the corporation of a certain part of the preferred stock dividend involved in this case, and its consequent redemption or cancellation, was to make available to two employee associations, described in the findings of fact herein, a profitable form of investment for the funds of these associations. It is also obvious that this constituted a legitimate business purpose.

In view of these facts, and in view of the absence of any "continuing plan" or "artifice" to evade taxation, the fact that redemption of the preferred stock by the corporation was not pro rata and involved only a relatively small amount of the preferred stock dividend, the fact that there had been, over a long period of years, substantial cash dividends paid by the corporation to its common stockholders, the fact that the petitioner did not have complete control over the corporation and was not indebted to it, and the further fact that there was no showing that the corporation had on hand cash with which to pay a cash dividend, all impel us to the conclusion, in spite of the short time intervening between the issuance of the preferred stock dividend herein and its partial purchase by the corporation, that the stock dividend issued to petitioner by the West Publishing Co. on August 1, 1932, was not essentially equivalent to the payment to him of a taxable dividend under section 115 (g) of the Revenue Act of 1932.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*